

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 16, 1965

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C-547

Re: Whether there is pre-exist-
ing law for the Texas Depart-
ment of Mental Health & Mental
Retardation to make an inter-
agency contract between the
San Antonio State Hospital
and the San Antonio Indepen-
dent School District.

Dear Mr. Calvert:

Your letter requesting an opinion of this office reads
as follows:

"I am submitting for your inspection and
advice, a copy of an interagency contract drawn
and approved under the provisions of Article
4413 (32) T.C.S. There is also included a letter
opinion dated September 30, 1953, addressed to
the Honorable M. L. Pennington of Texas Techno-
logical College, in which your office holds
that Article 4413 (32) T.C.S. does not apply
to school districts and your opinion No. V-1333
dealing with the subject of paying for services
rendered by the San Marcos Independent School
District to the Southwest Texas State College.

"Please advise if there is pre-existing
law for the Texas Department of Mental Health
and Mental Retardation to make an interagency
contract between the San Antonio State Hospital
and the San Antonio Independent School District?

"If you find that authority does exist,
please advise if the contract, as drawn and
which calls for payment out of the General
Revenue Fund of this State, would violate the
provisions of Section 33 of Article 16 of the
Constitution of this State?"

-2628-

The contract in question as drawn by the San Antonio State Hospital and the San Antonio Independent School District is not a proper interagency contract. Independent School Districts are not state agencies within the provisions of Section 5, Article 4413 (32), Vernon's Civil Statutes. Atty.Gen.Op. V-1333.

Article 3175, Vernon's Civil Statutes, provides in part:

"Each superintendent shall: 1. Receive and discharge patients and pupils, superintend repairs and improvements and see that all moneys intrusted to him are judiciously and economically expended. . . ."

Article 3176, Vernon's Civil Statutes, provides in part as follows:

"The Superintendent shall be the administrative head of the institution to which he is appointed. He shall have the following powers:

"1. . . .

"2. Where not otherwise provided by law, to appoint the subordinate officers, teachers, attendants, and other employes, and to fix their salaries, . . ."

The above quoted statutes provide sufficient basis for contractual powers exercised by the Superintendent of the San Antonio State Hospital. Article 3175 vests discretion for expenditure of hospital money by each superintendent. Article 3176 enables each superintendent to appoint teachers for inmates as well as subordinate officers, attendants, and other employees.

Article 3174b, Vernon's Civil Statutes, Section 2, provides in part:

". . .Effective September 1, 1949, the control and management of, and all rights, privileges, powers, and duties incident thereto . . .which are now vested in and exercised by the State Board of Control shall be transferred to, vested in, and exercised by the Board for Texas State Hospitals and Special Schools. Provided, however, that the Board of Control shall

continue to handle purchases for such institutions in the same manner as they do for other State agencies."

Article 693, Vernon's Civil Statutes, provides in part:

"The Board of Control shall have power:

"...

"7. It shall exercise a careful supervision over the general operations of such institutions and control the expenditures, and direct the manner in which their revenue shall be disbursed."

Under the provisions of Article 693 and Article 3174b, the Board of Hospitals and Special Schools is vested with power to direct and control expenditures contracted by the Superintendent of the San Antonio State Hospital.

No question is presented here as to the power of the San Antonio Independent School District to enter into the contract in question.

Even though no interagency contract is present here within the provisions of Article 4413 (32), it is our opinion that the contractual powers granted to the San Antonio State Hospital and the Board for Texas State Hospitals and Special Schools for appointment of teachers within the provisions of Articles 3175, 3176 and 3174b are sufficient authorization for the contract here in question. A contract for the San Antonio Independent School District to furnish two teachers to the San Antonio State Hospital in return for One Thousand Ninety-Six and 00/100 Dollars ($1,096.00) annually is a valid exercise of the contractual power of both parties.

In answer to your second question, it is our opinion that the contract in question is not contrary to the prohibition of Article XVI, Section 33 of the Texas Constitution. Attorney General's Opinion No. V-1333.

### S U M M A R Y

A contract for the San Antonio Independent School District to furnish two teachers for the

San Antonio State Hospital in return for One
Thousand Ninety-Six and 00/100 Dollars ($1,096.00)
annually is authorized by the provisions of Articles
3175, 3176, and 3174b, Vernon's Civil Statutes,
and is not prohibited by Section 33 of Article XVI
of the Texas Constitution.

Very truly yours,

WAGGONER CARR
Attorney General

By: Gordon Houser
Assistant

GH:mkh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
Malcolm Quick
James Strock
John Banks
Tom Routt

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright